IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMUEL EDWIN FIELDS | § | |
| VS. | § | CIVIL ACTION NO.   1:02-CV-705 |
| | | CRIMINAL NO. 1:00-CR-184 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Movant Samuel Edwin Fields, a federal prisoner, proceeding *pro se*, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Procedural History

On November 1, 2000, a federal grand jury in the Eastern District of Texas returned a one-count indictment charging movant with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  On November 7, 2000, the government filed a sentencing enhancement pursuant to 18 U.S.C. § 924(e)(1), alleging that movant had three previous convictions for violent felonies or serious drug offenses.  Specifically, movant had prior convictions for burglary of a vehicle, aggravated assault with a deadly weapon, and delivery of cocaine.  A jury found movant guilty of the offense. On November 20, 2001, movant was sentenced to 180 months of imprisonment and five years of supervised release.  The judgment was affirmed on appeal.

The Motion to Vacate Sentence

Movant collaterally attacked his sentence, arguing that his attorney provided ineffective assistance of counsel by:  (1) allowing him to be sentenced under the enhancement statute which was not alleged in the indictment; (2) not objecting to the guideline calculation; (3) allowing movant to be sentenced as an armed career offender when his prior criminal history did not meet the statutory

criteria; (4) failing to object when movant's guideline range was increased for theft of the firearm. Movant also contends that his sentence violates the rule set forth in *United States v. Booker*, 543 U.S. 220, 244 (2005).

In an amended pleading, movant argued that he is actually innocent of the armed career offender enhancement based on a change in the law.

## Discussion

One of the movant's prior convictions was for burglary of a vehicle. At the time of his sentencing, it was established law in the Fifth Circuit that burglary of a vehicle was a violent felony. *See United States v. Jackson*, 220 F.3d 635, 639 (5th Cir. 2000) (holding that theft of a vehicle is a crime of violence under U.S.S.G. § 4B1.2(a)(2) ). Therefore, movant was properly classified as a career offender when he was sentenced. The Fifth Circuit, in an *en banc* opinion, subsequently held that theft of a motor vehicle is not a crime of violence, as defined by § 4B1.2. *United States v. Charles*, 301 F.3d 309, 310 (5th Cir. 2002)*; see also United States v. Smith*, 422 F.3d 715, 721 (8th Cir. 2005) ("The guidelines definition of 'crime of violence' found in § 4B1.2 is also viewed as interchangeable with the statutory definition of 'violent felony' found in 18 U.S.C. § 924(e).").

The government was ordered to respond to the amended pleading to address whether movant is actually innocent of the Section 924(e) enhancement in light of *United States v. Charles*, and whether *United States v. Charles* applies retroactively to movant's case. The government concedes that the 1976 conviction for burglary of a vehicle is not a violent felony pursuant to Section 924(e). The government requests that the case be set for re-sentencing.

Because movant's prior conviction for burglary of a vehicle is not a violent felony under 18 U.S.C. § 924(e), his sentence should be vacated and he should be re-sentenced. Movant's remaining grounds for review, which concern alleged sentencing errors, are now moot.

## Conclusion

For the reasons set forth above, the motion to vacate, set aside or correct sentence is **GRANTED** to the extent that movant will be re-sentenced. A sentencing hearing will be set by separate order. A final judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this  26  day of  April , 2006.

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE